UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-571-MOC

TIFFANY GRANTT REEP,

        Plaintiff,

Vs.

NANCY A. BERRYHILL,
**Acting Commissioner of Social Security,**

        Defendant.

) ) ) ) ) ) ) ) ) ) )

ORDER

**THIS MATTER** is before the court on plaintiff's (#13) and defendant's (#18) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

## FINDINGS AND CONCLUSIONS

**I.    Administrative History**

Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning September 10, 2010. (Tr. 11, 163-64). Plaintiff's application was denied initially and upon reconsideration. (Tr. 11, 92-100, 102-109). On August 19, 2016, Administrative Law Judge Benjamin R. McMillion ("the ALJ") held a hearing at which plaintiff, her non-attorney representative, and an impartial vocational expert ("VE") appeared. (Tr. 11, 29-57). On October 24, 2016, the ALJ decided that plaintiff was not disabled within the meaning of the Act since December 31, 2015, her date last insured. (Tr. 11-23). After the Appeals Council denied plaintiff's request for review (Tr. 1-5), plaintiff proceeded to file the instant action, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

**IV.     Substantial Evidence**

    **A.  Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was not supported by substantial evidence, and it will thus be reversed and remanded.

    **B.  Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one of the sequential evaluation, the ALJ found that plaintiff has not engaged in substantial gainful activity ("SGA") from her alleged onset date of September 10, 2010 through her date last insured of December 31, 2015. (Tr. 13). At step two, the ALJ found that plaintiff has the following severe impairments: bipolar disorder; manic depression; anxiety; rheumatoid arthritis; and osteoarthritis. Id. At step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meets the severity of an impairment in the Listing. (Tr. 14-15).

Then, before step four, the ALJ found that plaintiff had the RFC to perform light work, except she must avoid concentrated exposure to extreme cold and wetness, have no more than occasional direct contact with customers, and was limited to simple, routine tasks. (Tr. 16-21).

At step four, the ALJ found that plaintiff is unable to perform any past relevant work due to his RFC. (Tr. 21). At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, including small parts assembler, hand packager, and shipping and receiving weigher. (Tr. 22-23). As a result, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. (Tr. 23).

**D. Discussion**

The court has closely read plaintiff's memorandum (#14) in support of her motion (#13). Plaintiff argues that the ALJ erred by relying on VE testimony without addressing post-hearing objections, failing to properly analyze medical opinion evidence in accordance with regulations and precedent, and failed to properly account for plaintiff's need for an assistive device in his RFC finding. The court will consider each allegation in turn.

*1.     The ALJ's reliance on VE testimony and post-hearing objections*

First, the court will consider whether the ALJ properly dealt with plaintiff's post-hearing objections. Plaintiff contends that the ALJ's failure to rule on post-hearing objections constitutes reversible error, as doing so violates guidelines found in the Hearings, Appeals, and Litigation Law Manual ("HALLEX") and prejudices plaintiff through reliance on outdated materials.

However, the court cannot agree. Broadly speaking, the Supreme Court has held that agency interpretations contained in "policy statements, agency manuals, and enforcement guidelines . . . lack the force of law." Christensen v. Harris Cty., 529 U.S. 576, 587 (2000); see also Schweiker v. Hansen, 450 U.S. 785, 789 (1981) (holding that another manual "has no legal force" and "does not bind the SSA"). More specifically, while the Fourth Circuit Court of Appeals has yet to rule on the issue, other circuits have found that HALLEX is not binding, as have other

colleagues of this court. See Moore v. Apfel, 216 F.3d 864 (9th Cir. 2000); Bordes v. Comm'r of Soc. Sec., 235 Fed.Appx. 859 (3d Cir. 2007); Brownlow v. Colvin, 2016 WL 814953, *5 n. 7 (S.D. Ala. Feb. 29, 2016); Hall v. Comm'r of Soc. Sec., 2007 WL 4981325, *10 (M.D. Fla. Feb. 9, 2007). On this basis alone, it appears likely that plaintiff's allegation of failing to consider post-hearing objections due to a violation of HALLEX's guidelines is without merit.

Yet even if HALLEX was binding, it is unclear how the ALJ failed to follow them. At the time of the administrative hearing, HALLEX I-2-6-74(B) reads in relevant part as follows:

> All VE testimony must be on the record. After administering the oath or affirmation, the ALJ must (on the record):
> • Ask the VE to confirm his or her impartiality, expertise, and professional qualifications;
> • Verify the VE has examined all vocational evidence of record;
> • Ask the claimant and the representative whether they have any objection(s) to the VE testifying; and
> • Rule on any objection(s). The ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision.

See HALLEX § I-2-6-74(B). Plaintiff has not shown that the ALJ failed to rule on objections at the hearing; indeed, it appears plaintiff made no such objections at the hearing. Further, the ALJ did address plaintiff's post-hearing objections in his decision, noting that such post-hearing objections and supplemental hearing were unnecessary due to plaintiff's ability to object to and question the VE at the hearing. (Tr. 11). HALLEX's plain language does not require the ALJ to rule on post-hearing objections, but rather that the ALJ rule on objections raised on the record at the administrative hearing. Thus, even if HALLEX was truly binding on the ALJ, the court finds no basis for remand.

The court has also considered plaintiff's arguments concerning the reliability of the Dictionary of Occupational Titles ("DOT"). Plaintiff argues that the DOT has been replaced by *O*Net*, a database offered by the Department of Labor that provides statistics on various job elements. However, the DOT remains a source of reliable job information for determining

disability claims and is suitable for administrative notice. 20 C.F.R. § 404.1566(d); 20 C.F.R. Part 404 Subpart P, App. 2, § 200.00(b); Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (in making disability determinations, the DOT is the primary source, as well as its companion publication, the SCO). Further, the statistics on *O\*Net* have not been confirmed to be reliable, much less to be a source of information that the ALJ was required to take notice of. Until or unless *O\*Net* is confirmed as an eminently reliable source that an ALJ must take judicial notice of, its statistics mean little to this matter's disposition. And at any rate, the court cannot find an apparent conflict with the DOT that the ALJ failed to inquire about, and thus finds that the ALJ did not commit reversible error on this basis.

## 2. *The ALJ's analysis of medical opinion evidence*

Next, the court will consider plaintiff's arguments concerning the ALJ's analysis of the medical opinion evidence of record. Plaintiff argues that the ALJ failed to assign proper weight to the opinion of Dr. Shukla, plaintiff's treating psychiatrist, and the opinion of Dr. Slutzky, the Agency's consultative psychological examiner.

Plaintiff's argument is essentially that the ALJ should have given greater weight to the opinions of Drs. Shukla and Slutzky than he did, and cites to various examples in the record as to why. However, the court's job is not to re-weigh evidence based on its view of the record, but rather to determine whether the ALJ justified his opinion with substantial evidence. Here, the court finds that the ALJ has done so. The ALJ properly and clearly explained why he gave little weight to the opinion of Dr. Shukla, specifically noting that Dr. Shukla's proscribed limitations are not supported by objective findings documented throughout treatment notes, that those notes typically documented fairly normal mental status on examination as well as improvements in plaintiff's

mood and symptoms thanks to treatment and counseling, that the limitations proposed by Dr. Shukla conflict with Dr. Lefler's primary care records, and that the limitations conflict with plaintiff's performance on psychological examination and her reported activities of daily living. (Tr. 20). Such analysis demonstrates substantial evidence in support of the ALJ's opinion, and is sound under both regulations and Fourth Circuit precedent. See 20 C.F.R. § 404.1527(d)(2) (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight"); Hines v. Barnhart, 453 F.3d 559, 563 n. 2 (4th Cir. 2006) (holding that an ALJ may "give less weight to the testimony of a treating physician if there is persuasive contrary evidence") (citation and quotations omitted). As such, the court finds no reversible error on this basis.

Similarly, the court finds no issue with the ALJ's analysis of Dr. Slutzky's opinion. The ALJ took note of Dr. Slutzky's opinion, and gave it some weight. (Tr. 20). However, the ALJ once again explained why he chose not to give it controlling or great weight, noting that his examination lacked objective findings and that plaintiff did not always report negative symptoms upon receiving treatment, but instead reported fairly well-controlled mood and behavior. (Tr. 20-21). Once again, the ALJ has offered an explanation that is supported by substantial evidence and consistent with regulations and precedent. See 20 C.F.R. § 404.1527(d)(2); Hines, 453 F.3d at 563 n. 2; Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling"). As such, the court cannot find reversible error on this basis.

### 3. *The ALJ's analysis of plaintiff's need for an assistive device*

Finally, the court considers plaintiff's allegation that the ALJ erred by failing to properly

account for plaintiff's need for an assistive device. Plaintiff argues that the record establishes plaintiff's medical need for a cane and that the ALJ's opinion completely ignores this need, constituting reversible error. Social Security Rulings 96-9p, 1996 WL 374185 (S.S.A.) states that "[t]o find a hand-held medical assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." If such a device is needed, use may impact a claimant's functional capacity "by virtue of the fact that one or both upper extremities are not available for such activities as lifting, carrying, pushing, and pulling." 20 C.F. R. Part 404, Subpt. P, App. 1, § 1.00J4. Thus, an ALJ is required to consider the impact of "medically required" hand-held assistive devices, and such devices are medically required if "medical documentation establish[es] the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." Eason v. Astrue, 2008 WL 4108084, at *16 (E.D.N.C. Aug. 29, 2008); SSR 96-9, 1996 WL 374185, at *7.

Here, the court agrees with plaintiff. While defendant contends that the record does not reflect a need for a hand-held assistive device at all, and therefore the ALJ was not required to consider one as necessary, the court finds otherwise. Dr. Slutzky noted that plaintiff uses her cane on exceptionally bad days. Tr. 394. More importantly, Dr. Roger Lefler, one of plaintiff's treating physicians, opined in July 2016 that plaintiff requires the use of a cane to ambulate effectively, particularly if she must walk more than twenty feet, and that she will need the cane at least sometimes during a workday. Tr. 547-48. While it is true that the ALJ gave Dr. Lefler's opinion minimal weight overall, the ALJ did not address plaintiff's need for a cane in his overall opinion or in his analysis of Dr. Lefler's opinion specifically. While the ALJ may reach a similar

conclusion after analyzing plaintiff's need for a cane, a lack of analysis cannot be reviewed by this court or said to be justified by substantial evidence. As such, the court will reverse on this basis and remand this matter for further proceedings by the ALJ.

**E. Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was not supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and remanded.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#13) is **GRANTED**, the Commissioner's Motion for Summary Judgment (#18) is **DENIED**, and the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

Signed: August 6, 2018



Max O. Cogburn Jr.
United States District Judge